UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELECT RESEARCH, LTD.,<br><br>    Plaintiff,<br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC,<br><br>    Defendants. | Civil Action No. 1:24-cv-06419-JMF-GWG<br><br>[PROPOSED] AGREED PROTECTIVE ORDER |

**PLAINTIFF SELECT RESEARCH LTD. AND DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Select Research Ltd. and Defendants Amazon.com, Inc. and Amazon.com Services LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The words "CONFIDENTIAL" or

- 2 -

"ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2. With respect to documents, information or material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. The following shall also be considered DESIGNATED MATERIAL and treated as such under this Order: (1) any information copied or extracted from DESIGNATED MATERIALS; (2) all copies, excerpts, summaries, or compilations of DESIGNATED MATERIALS; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal DESIGNATED MATERIALS. However, the protections conferred by this Protective Order do not cover the following

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," both individually and collectively. The parties agree that this Order does not address the production of source code or object code. All partie s reserve all rights relating to seeking and objecting to the production of source code and object code. To the extent that source code or object code production is permitted in this case, the parties will negotiate and agree on a supplemental protective order governing such production.

information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

**INADVERTANT FAILURE TO DESIGNATE**

3. A designation of Protected Material (i.e., "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

4. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or

the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

5. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

## **DISCLOSURE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, AND MATERIAL**

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraphs 13 or 14 herein:

    (a) outside counsel of record in this Action for the Parties;

    (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

    (d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

    (e) outside consultants or experts (i.e., a person with specialized knowledge or

experience in a matter pertinent to the litigation that are not existing employees or affiliates of a Party or an affiliate of a Party ("Consultant or Expert")) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to allow the producing Party receiving the Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Undertaking attached as Exhibit A hereto, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(h) the actual or alleged author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) the Court and its personnel.

7. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably

believes it owes an obligation of confidentiality with respect to such documents, information or material.

## DISCLOSURE OF "ATTORNEYS' EYES ONLY" INFORMATION, DOCUMENTS, AND MATERIAL

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "ATTORNEYS' EYES ONLY."

9.  For Protected Material designated ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 7(a-c), (e-f), and (h-i). However, during depositions, witnesses not otherwise authorized to see ATTORNEYS' EYES ONLY information to whom disclosure is reasonably necessary may be shown such information with the consent of the designating party or as ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal such information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted by this Protective Order.

## PROSECUTION BAR

10.  Absent written consent from the producing party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated ATTORNEYS' EYES ONLY, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's ATTORNEYS' EYES ONLY material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the fields of body

health calculation, 3-D imaging or 3-D modeling on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to ATTORNEYS' EYES ONLY material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party or participating in challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination post grant review, covered business method patent review, or inter partes review), provided that the individual does not advise on, consult on, prepare, draft, or edit any amendments to the claims or specifications at issue. In further avoidance of doubt, "prosecution" as used in this Section does not include advising on the payment of maintenance fees, advising on the revival of expired patents, advising on the correction of inventorship or priority benefit claim of a patent or patent application, or advising that a party should not let a patent lapse.

**PRIVILEGED DOCUMENTS**

11.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege,

doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

**USE OF DESIGNATED MATERIAL AT DEPOSITION OR HEARING**

12. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent contractor, and/or Consultants or Experts retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED

MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

13. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as ATTORNEYS' EYES ONLY.

## FILING PROTECTED MATERIAL

14. If any party wishes to submit to the Court information that the party seeks to keep under seal—for instance, DESIGNATED MATERIAL—the party must also file a motion to seal pursuant to Local Rule CV-5(a)(7). The Court will evaluate such motions in accordance with the judicial-record sealing standard.

15. Such submissions must be filed under seal on CM/ECF, if filed electronically, or, if filed in hard copy, in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

**Select Research Ltd. v. Amazon.com, Inc. and Amazon Services LLC, Civ. No. 4:23-CV-00865-SDJ**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

## USE OF DESIGNATED MATERIAL AS EVIDENCE AT TRIAL

6799715

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within ten (10) days of the written request. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

**DISCLOSURE OF DESIGNATED MATERIALS TO THIRD PARTIES**

18. Each outside Consultant or Expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

**EXPORT CONTROL**

21. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**FINAL DISPOSITION**

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this

Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall submit a written certification confirming the return or destruction to the producing Party, upon the producing Party's request, that: (1) identifies (by category, where appropriate) all the DESIGNATED MATERIALS that were returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the DESIGNATED MATERIALS. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain DESIGNATED MATERIALS. Any such archival copies that contain or constitute DESIGNATED MATERIALS remain subject to this Protective Order as set forth in Paragraph 23.

23. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The

entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

**VIOLATIONS OF PROTECTIVE ORDER**

25.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

**WAIVER AND RETENTION OF RIGHTS**

26.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated: December 3, 2024

| MERCHANT & GOULD PC | HUESTON HENNIGAN LLP |
|---|---|
| By: */s/ Jonathan Berschadsky* <br> Jonathan Berschadsky <br> Donald R. McPhail <br> Daniel J. Pereira <br> 500 Fifth Avenue, Suite 4100 <br> New York, NY 10110 <br> Phone: 212-223-6520 <br> jberschadsky@merchantgould.com <br> dmcphail@merchantgould.com <br> dpereira@merchantgould.com | By: */s/ Yegor Fursevich* <br> Moez M. Kaba (CA SBN 257456) <br> Christina V. Rayburn (CA SBN 255467) <br> Hueston Hennigan <br> Yegor Fursevich <br> 1 Little W 12th Street <br> New York, NY 10014 <br> Phone: 646.930.4046 <br> mkaba@hueston.com <br> crayburn@hueston.com |
| *Attorneys for Plaintiff Select Research Ltd.* | *Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services, LLC* |

FOOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: December 4, 2024        By: _____
                                  Hon. Jesse Furman

The Clerk of Court is directed to terminate ECF No. 41.

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

## **APPENDIX A**

### **UNITED STATES DISTRICT COURT**
### **SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SELECT RESEARCH, LTD.,<br><br>    Plaintiff,<br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC,<br><br>    Defendants. | Civil Action No. 1:24-cv-06419-JMF-GWG<br><br><br>**NON-DISCLOSURE AGREEMENT** |

I hereby acknowledge that I am to receive information and/or documents designated as Protected Information pursuant to the terms of the Protective Order entered on _____ in this action.

I acknowledge receipt of a copy of the Protective Order and certify that I have read and understand it. I agree to be bound by the terms and restrictions set forth therein.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York in connection with the enforcement of this Non-Disclosure Agreement and for the purpose of any issue or dispute arising hereunder and agree that this Agreement may be enforced against me by the party whose information will be disclosed to me.

Signed under the pains and penalties of perjury this \_\_\_\_\_ day of _____, 202 \_\_.

                                            _____
                                            (Signature)

6799715