**MOEZ M. KABA**

mkaba@hueston.com
D: 213 788 4543
T: 646 930 4046
F: 888 775 0898

1 Little W 12th Street, 2nd Floor
New York, NY 10014

# HUESTON HENNIGAN LLP

December 24, 2024

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Select Research, Ltd. v. Amazon.com, Inc. and Amazon.com Services, LLC,* 24-cv-06419-JMF

Dear Judge Furman:

In accordance with Rule 4(A) of Your Honor's Individual Rules and Practices in Civil Cases, Amazon.com, Inc. and Amazon.com Services, LLC (together, "Defendants") respectfully request that Exhibits A and B to the Declaration of Jonathan Berschadsky in Support of Plaintiff Select Research, Ltd.'s ("SRL") Opposition to Amazon's Motion to Dismiss Amended Complaint ("Opposition") remain under seal. Dkt. 48-1; Dkt. 48-2.

As a preliminary matter, SRL has inaccurately represented that "[c]ounsel for Defendants have indicated that they oppose these documents being filed under seal." Dkt. 47. Defendants have never made this representation. Rather, in response to an email from SRL's counsel informing Defendants that SRL intended to file its Opposition and certain exhibits under seal and requesting that Defendants "confirm that [they] do not oppose," counsel for Defendants responded that Defendants have "not had an opportunity to review the items that you are asserting should be filed under seal" and were therefore "not in a position to agree not to oppose your motion to seal." Ex. 1, December 20, 2024 email from Christina V. Rayburn to Daniel J. Pereira. Counsel for SRL did not respond to this email and proceeded to file the Opposition and Exhibits A and B under seal without providing Defendants an opportunity to review these items and take a position.

Only after SRL filed the sealed materials at issue did Defendants learn that Exhibits A and B are letters, dated January 7, 2021 and February 6, 2021, from counsel for Defendants to SRL's prior counsel containing Defendants' proprietary information and subject to a December 21, 2020 confidentiality agreement between the parties. Dkt. 48-1; Dkt. 48-2. Specifically, Exhibits A and B provide confidential technical information and supporting documentation regarding how the Amazon Halo product was developed and how it works, including multiple images from a confidential internal Amazon document. Dkt. 48-1 at 4-5; Dkt. 48-2 at 3. Counsel for Defendants sent these letters in a good faith effort to demonstrate that Defendants did not infringe U.S. Patent No. 8,374,671 and that SRL's complaint filed in the Western District of Texas in October 2020 was without merit. Dkt. 48-1 at 1; *see also* Am. Comp. ¶¶ 181-182; *Select Research, Ltd. v. Amazon.com, Inc., et al.*, Case No. 20-964 (W.D. Tex. Oct. 15, 2020) ("*SRL I*") at Dkt. 1. SRL voluntarily dismissed this prior lawsuit against Defendants in February 2021. Am. Comp. ¶ 187.

"The presumption of access to judicial documents is not absolute . . . and may be overcome where an application is narrowly tailored to serve factors that legitimately counsel against disclosure and outweigh

# HUESTON HENNIGAN LLP

the presumption in favor of public access." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *1 (S.D.N.Y. Feb. 14, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts have denied access to records that contain "sources of business information that might harm a litigant's competitive standing." *Id.* at *2 (granting request to seal complaint and settlement agreement because the risk of competitive harm outweighed the presumption of public access); *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have refused to allow court records to serve "as sources of business information that might harm a litigant's competitive standing").

Here, Exhibits A and B contain confidential business information regarding the research and development process and the technical functioning of the Amazon Halo product. Dkt. 48-1; Dkt. 48-2. This sensitive business information was disclosed to SRL in response to a prior lawsuit and in a good faith effort to avoid burdening the court system with unnecessary litigation. Granting public access to Exhibits A and B risks allowing Amazon's competitors to gain insight into Amazon's research and development process, which threatens to harm Defendants' "competitive standing." *CT Espresso LLC*, 2022 WL 443644, at *1.

Accordingly, Defendants respectfully ask that the Court order that Exhibits A and B to the Declaration of Jonathan Berschadsky in Support of SRL's Opposition remain sealed as they currently exist on the docket.

Respectfully submitted,

/s/ Moez Kaba

Moez M. Kaba
HUESTON HENNIGAN LLP

cc: All counsel of record (via ECF)

> The parties' motions to seal are granted temporarily. That said, mere agreement between the parties to keep a document confidential is not sufficient to keep a "judicial document" sealed or redacted. *See, e.g., United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (citing cases). The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF Nos. 47 and 49.
>
> SO ORDERED.
>
> /s/ Jesse M. Furman
>
> January 2, 2025

6784837