**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SELECT RESEARCH LTD.,

                        Plaintiff,

-against-                                    24 **CIVIL** 6419 (JMF)

**JUDGMENT**

AMAZON.COM, INC. et al.,

                        Defendants.
-----------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated September 2, 2025, Defendants' motion to dismiss is GRANTED, and the Complaint is DISMISSED in its entirety. Further, the Court has declined to sua sponte grant SRL leave to amend. To be sure, leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But it is "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), and there are several reasons to exercise that discretion to deny leave here. First, the problems with many of SRL's dismissed claims - namely, its trade secret and idea misappropriation claims, its claim for breach of NDA 2, its fraud claim, its unjust enrichment claim, its tortious interference claim, and its conversion claim - are substantive, so amendment as to these claims would be futile. See, e.g., Roundtree v. N.Y.C., No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Second, SRL does not request leave to amend or suggest that it is in possession of facts that would cure the problems with the dismissed claims. See, e.g., Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); accord

TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505-06 (2d Cir. 2014). Finally, the Court granted SRL leave to amend its original complaint in response to Defendants' first motion to dismiss, which raised the defects in the dismissed claims discussed above, and explicitly warned that SRL would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 31. SRL's "failure to fix deficiencies in its previous pleadings" - of which there have now been a total of six (over the course of its three lawsuits) - "is alone sufficient ground to deny leave to amend sua sponte." Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (citing cases). Judgment is entered for Defendants; accordingly, the case is closed.

**Dated:**  New York, New York

      September 3, 2025

 

**TAMMI M. HELLWIG**

_____

**Clerk of Court**

**BY:**  *K. Mango*

_____

**Deputy Clerk**