UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                    :
SELECT RESEARCH LTD.,                                               :
                                                                    :
                                Plaintiff,                           :
                                                                    :          24-CV-6419 (JMF)
              -v-                                                    :
                                                                    :          MEMORANDUM OPINION
AMAZON.COM, INC. et al.,                                            :          AND ORDER
                                                                    :
                                Defendants.                          :
                                                                    :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Select Research Ltd. ("SRL") brought this action against Defendants

Amazon.com, Inc. and Amazon.com Services, LLC (together, "Defendants") in connection with

certain patents issued to Amazon Technologies, Inc.  ECF No. 1.  By Opinion and Order entered

on September 2, 2025, the Court dismissed SRL's complaint in its entirety pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  *See Select Rsch. Ltd. v. Amazon.com, Inc.*, No.

24-CV-6419 (JMF), 2025 WL 2521158, at *1 (S.D.N.Y. Sept. 2, 2025) (ECF No. 56), *appeal*

*withdrawn,* No. 25-2427, 2025 WL 3904849 (2d Cir. Dec. 29, 2025).  Defendants now move for

attorneys' fees and costs pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836

*et seq.*, the Court's inherent authority, and 28 U.S.C. § 1927.  *See* ECF No. 65;  ECF No. 66

("Defs.' Mem.").

The Court is authorized to award attorneys' fees here only if it concludes that SRL's

conduct was vexatious or motivated by bad faith.  *See* 18 U.S.C. § 1836(b)(3)(D) (providing for

fees under the DTSA when "a claim of [] misappropriation is made in bad faith"); *Eisemann v.*

*Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (describing the Court's inherent authority to award

attorneys' fees if the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive

reasons");  28 U.S.C. § 1927 (providing that an attorney can be ordered to pay costs if he or she

"multiplies the proceedings in any case unreasonably and vexatiously").  Further, the Second Circuit "has consistently held that fee awards under the bad faith exception must be supported by clear evidence, and that the factual findings of the court below must exhibit a high degree of specificity."  *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 191 (2d Cir. 2000) (cleaned up).  Here, although it comes close, the record does not support a finding of bad faith.  Put simply, the Court's wholesale rejection of SRL's claims does not, standing alone, support an inference of bad faith.  *See Farberware Licensing Co. v. Meyer Mktg. Co.*, 428 F. App'x 97, 99 (2d Cir. 2011) (summary order) ("[A] plaintiff's failure to prevail on its claims, standing alone, is not enough to anchor a claim of bad faith.").  Nor does the fact that SRL pursued litigation in other fora before bringing this lawsuit, especially since no prior court had ruled on the merits of SRL's evolving claims.

SRL's shifting — indeed, contradictory — allegations regarding when it first discovered Defendants' alleged misappropriation come closest to supporting an award of attorney's fees.  *See Select Rsch.*, 2025 WL 2521158, at *4-5; *see also* Defs.' Mem. 11.  That said, the Court cannot conclude that SRL fabricated facts or subjectively believed its claims to be meritless.  *See* ECF No. 70 ("Plf.'s Mem"), at 6-8 (claiming that the timeline of discovery changed due to new information as well as Amazon's own concealment and representations); *see also Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 340 (2d Cir. 1999) (reversing bad-faith finding where no evidence existed to suggest that sanctioned party had "utterly no basis for their subjective belief in the merits of their case").

For these reasons, Defendants' motion for attorneys' fees is and must be DENIED.  The Clerk of Court is directed to terminate ECF No. 65.

SO ORDERED.

Dated: May 29, 2026
      New York, New York

                        JESSE M. FURMAN
                        United States District Judge